**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KYLE BURDUE,

Plaintiff,

v.

JARS EMPLOYEE LEASING, LLC,

Defendant.

Case No. 1:26-cv-02672

Hon.

**COLLECTIVE ACTION**
**FAIR LABOR STANDARDS ACT**

Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
Hurwitz Law PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
kara@hurwitzlaw.com

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff Kyle Burdue, by and through his attorneys, Hurwitz Law PLLC, hereby states the following for his complaint against Defendant Jars Employee Leasing, LLC:

## INTRODUCTION

1. This is an action for money damages, liquidated damages, prejudgment interest, costs, attorneys' fees, and other relief as a result of Defendant Jars Employee Leasing, LLC ("Defendant")'s failure to compensate Plaintiff Kyle Burdue ("Plaintiff") and similarly-situated individuals in the State of Michigan for unpaid wages and overtime pay in violation of the Fair Labor Standards Act of 1938 ("FLSA").

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff is an individual residing in Buchanan, Michigan.

3. Plaintiff brings claims individually and as part of a collective action under 29 U.S.C.§ 216(b).

4. Plaintiff seeks putative certification of and notice to all current and former Assistant Store Managers who have worked at any time during the last three (3) years anywhere in the State of Michigan.

5. Defendant is a domestic profit company with headquarters in 803 West Big Beaver Road, Troy, Michigan, and conducts business within the State of Michigan.

6. Plaintiff's claims arise out of the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq*.

7. The U.S. District Court for the Western District of Michigan has federal question jurisdiction over their claims under the Fair Labor Standards Act pursuant to 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b), as it is the district in which a substantial part of the events or omissions giving rise to the claim occurred.

**FACTUAL ALLEGATIONS**

9. Defendant operates recreational cannabis dispensaries across Michigan.

10. Plaintiff was initially hired as a "budtender" at a store location in New Buffalo, Michigan, performing cashier duties and stocking, and that was an hourly position.

11. Plaintiff was eligible for overtime pay in that position.

12. Plaintiff was supervised by Defendant's General Manager Dave Daoud.

13. Plaintiff was promoted to the role of Defendant's Assistant Store Manager effective August 4, 2025, and reported to multiple store locations in New Buffalo, Michigan.

14. Plaintiff was misclassified as exempt from overtime pay in that role.

15. Plaintiff continued to perform cashier and stocking duties and responsibilities.

16. Plaintiff continued to be supervised by the same person, Mr. Daoud.

17. Plaintiff continued to clock in and clock out.

18. Plaintiff did not have authority to hire or fire other employees, and his suggestions and recommendations as to hiring and firing were not "given particular weight" within the meaning of 29 C.F.R. § 541.100(a).

19. Plaintiff and similarly-situated employees did not customarily and regularly direct the work of two or more other employees within the meaning of 29 C.F.R. § 541.104(a).

20. Plaintiff and similarly-situated employees did not set or adjust employee rates of pay.

21. Plaintiff and similarly-situated employees did not have authority to discipline any employees.

22. Plaintiff was paid an annual salary of $58,000.

23. Plaintiff worked an average of forty-five (45) hours a week in that role, and there were many weeks he worked fifty-five (55) hours or more.

**Defendant's "Store Credit" Offer to Assistant Store Managers**

24. Defendant compensated Assistant Store Managers with store credit in the amount of $150.00 for working fifty-five (55) hours or more a week.

25. Plaintiff complained that would amount to less than his overtime rate, had he been compensated with overtime pay for those hours in accordance with 29 U.S.C. § 207(a).

26. Plaintiff never received the store credit because he was often made to work just under the requisite fifty-five (55) hours a week.

**Plaintiff's Termination**

27. Plaintiff complained in writing about his supervisor in an email to District Manager Janice Kallabat: "He's told me not to touch or manage certain things like inventory . . . I genuinely want to do everything he asks and more, but I feel like I'm being held back from doing my job."

28. Plaintiff also complained, "I just want to make sure I understand expectations moving forward. I was told not to touch inventory myself, but then when things don't get done I get questioned about it . . . when I try to delegate, I'm told to stop."

29. Plaintiff also complained in writing about missing tips on or about October 15, 2025: "I would just like a little transparency on how the tips work . . . with everyone missing tips."

30. Mr. Daoud acknowledged, "I'll get you the answers . . . All of a sudden everyone's missing tips . . . I'll get you the right answers, I promise."

31. Plaintiff had been told that all tip sheets had been shredded.

32. Mr. Daoud later handed him a stack of cash, asking him, "Is this good?"

33. Plaintiff was thereafter disciplined for the first time on November 20, 2025, for his alleged tardiness pursuant to an attendance point system intended for hourly employees.

34. Plaintiff was terminated on or about July 22, 2026.

35. Plaintiff asked for a termination reason, but was told only, "We're not going to get into specifics . . . overall, it's just not a good fit."

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 207 and 29 U.S.C.§ 216(b)**

36. Plaintiff hereby realleges and incorporates by reference all paragraphs above.

37. Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

38. Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

39. Plaintiff brings this claim individually and as part of a collective action under 29 U.S.C.§ 216(b).

40. Plaintiff and similarly-situated employees were misclassified as exempt in the role of Assistant Store Manager.

41. Plaintiff and similarly-situated employees did not have authority to hire or fire other employees, and their suggestions and recommendations as to hiring and firing were not "given particular weight" within the meaning of 29 C.F.R. § 541.100(a).

42. Plaintiff and similarly-situated employees did not customarily and regularly direct the work of two or more other employees within the meaning of 29 C.F.R. § 541.104(a).

43. Plaintiff and similarly-situated employees did not set or adjust employee rates of pay.

44. Plaintiff and similarly-situated employees did not have authority to discipline any employees.

45. Plaintiff and similarly-situated employees were subject to an attendance "point system" intended for hourly employees.

46. Plaintiff and similarly-situated employees were expected to follow established techniques and procedures.

47. Plaintiff and similarly-situated employees worked more than forty (40) hours a week.

48. Plaintiff worked an average of forty-five (45) hours a week, and there were some weeks he worked fifty-five (55) hours or more.

49. Defendant's conduct was intentional or willful.

50. Plaintiff and similarly-situated employees are entitled to lost wages (including all

unpaid overtime), liquidated damages pursuant to 29 U.S.C. § 216(b), prejudgment interest, attorneys' fees and costs, and any other remedies available at law or in equity.

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 215**

51. Plaintiff hereby realleges and incorporates by reference all paragraphs above.

52. Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

53. Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

54. An employer may not retaliate against an employee for making a complaint "in the interest of employee(s), generally regarding some aspect of one's own pay or the pay of other employees." *Pettit v. Steppingstone, Center for the Potentially Gifted*, No. 09-2260, at *530 (6th Cir. 2011).

55. Defendant compensated Assistant Store Managers with store credit in the amount of $150.00 for working fifty-five (55) hours or more a week.

56. Plaintiff complained that store credit arrangement would amount to less than his overtime rate, had he been compensated with overtime pay for those hours in accordance with 29 U.S.C. § 207(a).

57. Plaintiff also complained in writing about missing tips on or about October 15, 2025: "I would just like a little transparency on how the tips work . . . with everyone missing tips."

58. Plaintiff thereby engaged in protected activity.

59. "An employer may not keep tips received by its employees for any purposes," pursuant to 29 U.S.C. 203, and employers shall maintain and preserve accurate records including "weekly or monthly amount . . . of tips received." 29 C.F.R. § 516.28.

60. Plaintiff had been told that all tip sheets had been shredded.

61. Plaintiff was thereafter disciplined for the first time on November 20, 2025, for his alleged tardiness pursuant to an attendance point system intended for hourly employees.

62. Plaintiff was terminated on or about July 22, 2026.

63. Plaintiff thereby suffered adverse employment actions.

64. Plaintiff asked for a termination reason, but was told only, “We’re not going to get into specifics . . . overall, it’s just not a good fit.”

65. The proffered reason is a pretext for retaliation.

66. Plaintiff had been meeting or exceeding all expectations.

67. There was a causal connection between the protected activity and the adverse employment actions.

68. The close temporal proximity between the events more than supports a reasonable inference of retaliatory motive.

69. Plaintiff had just been promoted, had been meeting or exceeding all expectations, and was disciplined only after engaging in protected activity.

70. Plaintiff has suffered feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

71. Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

a) Compensatory damages for monetary and non-monetary loss,

b) Liquidated damages pursuant to 29 U.S.C. § 216(b);

c) Designation of this action as a collective action pursuant to the Fair Labor Standards Act and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

d) All costs, reasonable attorney's fees, and prejudgment interest; and

e) All further relief as in law or equity may pertain.

Respectfully Submitted,

Hurwitz Law, PLLC

*/s/ Kara F. Krause*
Kara F. Krause (P85487)
Noah S. Hurwitz (P74063)
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104

Dated: September 24, 2026

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KYLE BURDUE,

Plaintiff,

v.

JARS EMPLOYEE LEASING, LLC,

Defendant.

Case No. 1:26-cv-02672

Hon.

**COLLECTIVE ACTION**
**FAIR LABOR STANDARDS ACT**

Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
Hurwitz Law PLLC
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
kara@hurwitzlaw.com

**DEMAND FOR TRIAL BY JURY**

Plaintiff Kyle Burdue, by and through his attorneys, Hurwitz Law PLLC, hereby demand a trial by jury in the above-captioned matter for all issues triable.

Respectfully Submitted,

Hurwitz Law, PLLC

*/s/ Kara F. Krause*
Kara F. Krause (P85487)
Noah S. Hurwitz (P74063)
*Attorneys for Plaintiff*
340 Beakes St., Suite 125
Ann Arbor, MI 48104

Dated: September 24, 2026